# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REYNALDO ORTEGA,<br><br>　　　　　Defendant. | 1:11-cv-00760 LJO GSA<br><br>**ORDER TO REMAND**<br><br>(Document 2)<br><br>**ORDER REGARDING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**<br><br>(Document 3) |

　　　　On May 11, 2011, Defendant Reynaldo Ortega removed this action from the Kern County Superior Court of California.[1]  (Doc. 2.)

　　　　Pursuant to Title 28 of the United States Code section 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction.  28 U.S.C. § 1441(a); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28

---

[1] Although purportedly a notice of removal, Ortega creates a new caption and names himself as the "petitioner," despite that he was a defendant in the state court action.  However, whether it is a motion to remove or an original complaint, for the reasons set forth herein, the Court has no jurisdiction in this matter.

1

U.S.C. § 1447(c). Generally, a defendant seeking to remove an action to federal court must file a Notice of Removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

### *Timeliness*

Here, Defendant's removal notice challenges the purported service in the state court action, yet fails to reference any alleged date of service of process of the summons and complaint. (Doc. 2 at 2-3.) Defendant appended a copy of the verified complaint for unlawful detainer in Kern County Superior Court case number S-1500-CL-254287; that document reflects only that the verified complaint was filed on or about November 3, 2010. (Doc. 2 at 8-11.) Defendant filed his Notice of Removal on May 11, 2011. (Doc. 2.) Because Defendant fails to identify any purported date for service of process, defective or otherwise, it is impossible for this Court to determine from the notice itself whether the removal action is timely.[2] Nevertheless, although timeliness is unclear, for purposes of discussion only, the Court will turn to address the issue of jurisdiction.

### *Jurisdiction*

Defendant is attempting remove an unlawful detainer action based on federal question subject matter jurisdiction. (Doc. 2.) However, Defendant cannot establish jurisdiction that is proper. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United

---

[2]Interestingly, the Kern County Superior Court website, containing the court system's record for filings, indicates this unlawful detainer trial was set for May 11, 2011, at 1:30 p.m., the same date Defendant filed the instant notice of removal in this Court. A court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceedings is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

States Constitution and Congress.  Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).  Federal courts are presumptively without jurisdiction over civil actions.  *Kokkonen*, 511 U.S. at 377.  Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).  "Nothing is to be more jealously guarded by a court than its jurisdiction.  Jurisdiction is what its power rests upon.  Without jurisdiction it is nothing."  *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

  Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly construed in favor of remand and against removal.  *Harris v. Bankers Life and Cas. Co*, 425 F.3d 689, 698 (9th Cir. 2005).   The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.  *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Gaus v. Miles*, 980 F2d at 566.

  In this case, Defendant is unable to establish subject matter jurisdiction before this Court because the complaint contains a single cause of action for unlawful detainer based on California Code of Civil Procedure section 1161a(b)(3).  Unlawful detainer actions are strictly within the province of state court.  Defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a petition or notice of removal will not succeed.  *See Catee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal).

  In determining the presence or absence of federal jurisdiction in removal cases, the "'well-pleaded complaint rule,' applies which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

1  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plainly, Plaintiff's complaint raises only
2  a state law claim.  Moreover, "it is well established that plaintiff is the 'master of her complaint'
3  and can plead to avoid federal jurisdiction."  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994,
4  997-98 (9th Cir. 2007);  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing
5  *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action
6  arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal
7  law").

8        Finally, despite Defendant's assertion that federal question subject matter jurisdiction
9  exists based upon his assertion that Plaintiff Federal National Mortgage Association is a "federal
10 corporation" or "federal agency" or that the United States is a real party in interest (Doc. 2 at 2-
11 4), he is mistaken.  While courts are split over whether Fannie Mae's[3] charter confers federal
12 jurisdiction, courts in the Eastern District have concluded that there must be an independent basis
13 of jurisdiction because the language in the charter includes the phrase "any court of competent
14 jurisdiction" and courts have declined to construe that language as creating a grant of federal
15 jurisdiction.  *See Fannie Mae v. Cabesas*, 2011 WL 830145 (E.D. Cal. 2011); *Federal National*
16 *Mortgage Ass'n v. Bridgeman*, 2010 WL 5330499 (E.D. Cal. 2010).

## CONCLUSION AND ORDER

18     Based on the above, this action is REMANDED *sua sponte* to the Kern County Superior
19 Court of California for all future proceedings.  Relatedly, Defendant's Application to Proceed
20 Without Prepayment of Fees and Affidavit is DENIED as moot.  Accordingly, the Clerk of the
21 Court is directed to remand the matter to the Kern County Superior Court and to close this case.
22     IT IS SO ORDERED.

23 **Dated:   May 12, 2011**          **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE

---

[3] Federal National Mortgage Association is also known as Fannie Mae.